The Cairo and Fulton Railroad Company, appellants,

*v.*

Benjamin W. Titus and others, respondents.

Evidence newly discovered, relevant and material, which appears not to have been undiscovered through the appellants' laches or negligence, consisting of a letter and also a written agreement in respondents' possession during the trial at law, constitutes ground sufficient for staying proceedings on the judgment obtained at law, and for ordering a retrial.

On appeal from a decree of the chancellor, reported in *Cairo & Fulton R. R. Co.* v. *Titus, 3 Stew. 502.*

*Messrs. McCarter & Keen,* for appellants, cited:

*Titus & Scudder* v. *Cairo & Fulton R. R. Co., 8 Vr. 98; Chitty on Contracts 624; Sedgwick on Meas. of Dam. 412,*

Note.—No brief on the part of respondents in this case was furnished to the reporter.—Rep.

*last ed. 475; Pearson* v. *Williams, 24 Wend. 244; S. C. in error, 26 Wend. 630; Smith* v. *Sanborn, 11 Johns. 59; McNett* v. *Clark, 7 Id. 465; Walton* v. *Coulson, 1 McLean 126; Cathcart* v. *Robinson, 5 Pet. 277; Fenwick* v. *Brinkwith, 2 F. & F. 86; Atwood* v. *Small, 6 Cl. & Fin. 412.*

*Mr. Joseph C. Potts* and *Mr. C. Parker,* for respondents.

The opinion of the court was delivered by

GREEN, J.

This is an application to a court of equity for relief against a judgment at law, upon the ground of newly-discovered evidence consisting of a written agreement and a letter, the former of which, it is admitted, was in the custody of the respondents at the time of the trial. The facts of the case are fully stated and considered in the several opinions heretofore delivered in the court of chancery and in this court, and it is unnecessary to repeat or discuss them.

Upon a careful examination of the whole case as now before the court, it appears that the new testimony, which, on the former hearing in this court, was declared to be relevant and material, was not at the time of the trial at law within the knowledge or power of the complainants; that it was within the knowledge of the respondents; that the most important paper was then, and always had been, in their custody, and that the existence of this testimony was not, either before or at the trial, made known by the plaintiffs to the defendants in the suit at law.

The existence of this evidence was discovered by the appellants after the trial, and it does not in any way appear that, by the exercise of any diligence on their part, it could have been obtained in time to have been available at law, or that they have been guilty of laches or negligence in not before availing themselves of it. The case is very similar in many aspects to that of *Winthrop* v. *Lane, 3 Desauss. 310, 331,* and is within the ruling in that case.

The appellants are entitled to the benefit of the newly-discovered evidence. The decree dismissing the complainants' bill should, therefore, be reversed, the injunction heretofore granted be made perpetual, and the cause be remitted to the court of chancery for a retrial on the merits of the case, by a feigned issue or otherwise, according to the rules and practice of that court.

For reversal—DEPUE, SCUDDER, VAN SYCKEL, CLEMENT, GREEN, LATHROP, WALES—7.

For affirmance—BEASLEY, C. J., DIXON, REED, DODD—4.